UNITED STATES DISTRICT COURT

DISTRICT OF HAWAIʻI

| | |
|---|---|
| LATOYA S. HIGH,<br><br>      Plaintiff,<br><br>vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>      Defendant. | Case No. 18-cv-00221-DKW-RT<br><br>**ORDER REVERSING DECISION OF ACTING COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

On June 11, 2018, Plaintiff Latoya High appealed the Acting Commissioner of Social Security's denial of her application for disability insurance benefits. High asks this Court to review whether the Administrative Law Judge's (ALJ's) failure to discuss several of her acknowledged medical ailments constitutes reversible error and whether the ALJ improperly dismissed medical evidence and symptom testimony, such that his decision was not based on substantial evidence. After carefully reviewing the record and the arguments of counsel, the Court concludes that this case must be remanded for further administrative proceedings, as set forth below.

## BACKGROUND

### I. Procedural History

On July 15, 2016, High applied for benefits under Title II, alleging an onset date of March 22, 2016. Opening Brief, September 26, 2018, Dkt. No. 20, at 1; Administrative Record ("AR"), Dkt. No. 8, at 150.[1] The ALJ denied the application on December 5, 2017. AR at 12-31. The Appeals Council denied High's request for review on April 26, 2018. AR 1-6. High filed her appeal in this Court on June 11, 2018. Dkt. No. 1.

### II. Summary of the Relevant Evidence

High alleges that she suffers from the following impairments: lymphocytic colitis irritable bowel syndrome; anemia; submucosal lesion of the stomach; degenerative arthritis/meniscal tear in the right knee; uterine fibroids; depressive disorder; anxiety disorder; posttraumatic stress disorder (PTSD); memory issues; low hemoglobin; premenstrual dysphoric disorder (PMDD); lumbar spine disorder and cervicalgia. Opening Brief at 8. The ALJ determined that High's uterine fibroids, depressive disorder, anxiety disorder, PTSD, and PMDD were all severe. AR at 17.

  A. High's Identification of Lumbar Spine Disorder and
    Cervicalgia as Impairments

---

[1]Although the Opening Brief alleges the application was dated July 15, 2016, the Administrative Record indicates that High submitted her application on August 1, 2016. AR at 150. The discrepancy has no substantive bearing.

High's August 30, 2017 pre-hearing brief listed her various disabling impairments, including "low back pain," and provided narrative descriptions of those impairments identified as "more severe." AR at 301. The narrative descriptions, which included the diagnostic history and impact of those "more severe" ailments, focused on High's emotional and psychological disorders, knee pain, and PMDD. *Id.* However, High's brief also specified that the medical record was extensive and noted, in particular, High's 6 to 10 visits per month with health care providers in a variety of fields. *Id.* High's August 2016 SSA "Disability Report" (SSA-3368), for instance, also listed a "lower back" condition.[2] AR at 175. And during her ALJ hearing, High testified regarding her symptoms, stating that she suffered from chronic neck and back pain. AR at 41, 49, 50.

B.  Medical Evidence of Lumbar Spine Disorder and Cervicalgia

In February 2016, High underwent physical therapy for lower back pain, which she stated had been worsening since May 2015. AR at 976. In June 2016, an MRI of High's lumbar spine revealed abnormalities, including a degenerative disc. AR 503. The following year, in May 2017, High visited the Tripler Pain Management Center, complaining of chronic neck and back pain, and was seen by

---

[2] The Administrative Record and High's various briefs before the ALJ and this Court varyingly refer to cervicalgia, lumbar spine disorder, and neck and back pain. The Court treats these terms as generally referencing the same impairments.

Dr. Cuong. AR at 2982. That Tripler report identified, among other things, a "Lumbar MRI 2016: Degenerate disc and facet changes within the lower lumbar spine contribut[ing] to mild bilateral neuroforaminal narrowing." *Id.* Reports from these visits note that sitting for long periods causes pain; that, at its worst, the pain is a six on a ten-point scale; and that High should limit the amount of time she spends sitting. *Id.* at 976, 2982. Dr. Cuong labeled High's neck pain, "cervicalgia," recommended various treatments to manage it, and administered Botulinum TPI injections to relieve it. *Id.* at 2858.

By June 2017, High's physical therapist noted ongoing back pain that appeared to be worsening, despite 13 sessions of physical therapy. AR at 2836. A car accident on June 13, 2017 resulted in another treatment report identifying neck and back pain as an ailment. AR at 2834. As of July 2017, High continued physical therapy and chiropractic adjustments to alleviate her complaints of lower back and neck pain. AR at 2733, 2748.

### III. Summary of Relevant ALJ Findings

ALJ's employ a five-step process to determine whether a person is disabled under the Social Security Act (SSA). 20 C.F.R. §404.1520.

At Step One, the claimant must demonstrate that she is not currently involved in any substantial, gainful activity. *Id*. §§404.1520(a)(4)(i), (b). Here, the ALJ

determined that High had not engaged in substantial gainful activity since the alleged date of the onset of her disability. AR at 17.

At Step Two, the claimant must show a medically severe impairment or combination of impairments that significantly limit her physical or mental ability to do basic work activities. *Id*. §§404.1520(a)(4)(ii), (c). The ALJ found that High suffered from the following severe impairments: "lymphocytic colitis irritable bowel syndrome; anemia; submucosal lesion of the stomach; degenerative arthritis/ meniscal tear right knee; uterine fibroids; depressive disorder; anxiety disorder; posttraumatic stress disorder (PTSD); premenstrual dysphoric disorder (PMDD)." AR at 17 (citing 20 C.F.R. 404.1520(c)). He also noted that High had been treated for "a variety of other symptoms and complaints that appear periodically…[including] dysphagia and gastroesophageal reflux disease" but concluded that "these conditions, considered singly or in combination, have caused only transient and mild symptoms and limitations, are well controlled with treatment…or are otherwise not adequately supported by the medical evidence of record." AR at 17-18. The ALJ made no mention of High's cervicalgia or lumbar spine disorder, nor did he mention High's back or neck problems generally. *Id.*

At Step Three, if the impairment matches or is equivalent to an established listing under the governing regulations, the claimant is judged conclusively disabled. *Id*. §§404.1520(a)(4)(iii), (d). If the claimant's impairment does not

match or is not equivalent to an established listing, the Commissioner makes a finding about the claimant's residual functional capacity (RFC) to perform work. *Id*. §404.1520(e). Here, the ALJ found that High did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. AR at 18. The ALJ also determined that High had the RFC to perform light work with several physical and environmental limitations. AR at 19.

At Step Four, the claimant is required to show that her impairment, in light of the RFC, prevents her from performing work she performed in the past. *Id*. §§404.1520(a)(4)(iv), (e), (f). If the claimant is able to perform her previous work, she is not disabled. *Id*. §404.1520(f). The ALJ here determined that High could not perform her past work. AR at 25.

Because the ALJ determined that High could not perform her past work, the evaluation proceeded to Step Five. *Id*. §§404.1520(a)(4)(v), (g). At this final step, the Commissioner must demonstrate that (1) based upon the claimant's RFC, age, education, and work experience, the claimant can perform other work, and (2) such work is available in significant numbers in the national economy. *Id*. §404.1560(c); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (explaining that, at Step Five, the burden moves to the Commissioner). If the Commissioner fails to meet this burden, the claimant is deemed disabled. 20 C.F.R. §404.1520(g)(1). The ALJ concluded that "[b]ased on the testimony of the vocational expert," High could

6

successfully adjust to other work "that exists in significant numbers in the national economy." AR at 26.

As a result of this five-step analysis, the ALJ concluded that High was not disabled. *Id.*

## LEGAL STANDARD

A district court has a limited scope of review and can only set aside a denial of benefits if it is not supported by substantial evidence or if it is based on legal error. *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). "In determining whether the Commissioner's findings are supported by substantial evidence," a district court must review the administrative record as a whole, considering "both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

The Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Id.* (quotation omitted). Stated differently, "[s]ubstantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (quotation omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be

upheld." *Id.* at 679; *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) ("[Courts] leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record.") (citations omitted). However, "the ALJ has a special duty to fully and fairly develop the record…." *Brown v. Heckler*, 713 F. 2d 441, 443 (9th Cir. 1983). Moreover, the ALJ must consider the complete record of the claimant's case to reach its determination. 20 C.F.R. §404.1520(a)(3).

## DISCUSSION

High first contends that the ALJ erred by not considering her neck and back ailments at Steps Two and Three, including in evaluating her RFC. Opening Brief at 1, 21. High also argues that, for those ailments the ALJ did consider, he improperly rejected her testimony regarding her limiting symptoms without providing clear and convincing reasons for doing so; made improper credibility assessments with regard to that testimony; and entirely disregarded parts of the medical record. *Id.* at 10 (citing *Laborin v. Berryhill*, 867 F.3d 1151, 1153-1154 (9th Cir. 2017)). Because the ALJ made no mention of High's back and neck problems at Step Two—not even to cursorily dismiss them—the Court finds that the ALJ committed reversible error and REMANDS this matter for further proceedings, as discussed below. Given the need to remand to allow for more

complete development of the record, the Court finds it unnecessary to address High's second argument at this stage.[3]

High alleges that the ALJ failed to consider her lumbar spine disorder or cervicalgia in his Step Two analysis. Opening Brief at 25. She further argues that, as a result of this omission, the ALJ did not evaluate whether these impairments met or equaled a listed impairment at Step Three, rendering the RFC incomplete. *Id.,* at 8. In response, the Acting Commissioner argues that, although the ALJ made no mention of the neck and back pain anywhere in his decision, the failure to do so is immaterial because, had the ALJ discussed it, he would nonetheless have found that the lumbar spine disorder and cervicalgia were non-severe. Defendant's Answering Brief, Dkt. No. 21, at 22-23.

The Acting Commissioner's attempt to compensate for the ALJ's omissions is unpersuasive. Step Two is a "de minimis screening device." "[A]n impairment… may be found not severe only if the evidence establishes a slight abnormality that has not more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005)(internal citations omitted). Here, the medical record contains various assessments of High's neck

---

[3]The parties agreed at oral argument that a remand to the ALJ on High's first contention would automatically result in reopening the record as to each of High's claims. Accordingly, the Court sees no purpose in addressing anything beyond High's first contention, given the outcome explained below. *See e.g. Haverlock v. Colvin*, 2014 WL 6702020, at *5 (concluding that if remand is required at Step Two, the court need not address plaintiff's remaining claims).

9

and back pain that indicate the conditions met the de minimis threshold. For example, one of High's examining physicians concluded that "[t]he most likely diagnosis is chronic neuropathic Myofascial Pain Syndrome…" and advised that "the mainstay of patient's treatment plan that will have the greatest probability of long lasting benefit is to…minimize...prolonged sitting and standing." AR at 2983-2984. Given the low threshold for establishing a severe impairment and the presence of non-trivial amounts of medical evidence suggesting a chronic ailment that impaired her daily functions, concluding that High's neck and back conditions did not have more than "a minimal effect on [her] ability to work," at a minimum, requires an explanation. The ALJ provided none. Indeed, he did not even mention High's back and neck problems at any point in his evaluation.

In answer, the Acting Commissioner offers her own retrospective assessment: that High's neck and back pain must not have been severe enough to even warrant mention by the ALJ, let alone explanation. Alternatively, the Acting Commissioner argues the ALJ *did*, in fact, assess High's neck and back pain, but did so indirectly. The Acting Commissioner claims to know this because, in reaching his disability determination, the ALJ relied on the findings of two non-examining experts, who had reviewed High's medical record, including the evidence of High's back and neck problems. By mentioning those non-examining experts, the ALJ must have meant to incorporate all of their findings, and the

evidence on which they were based, including those relating to High's neck and back.[4]  Answering Brief at 22-23.

How the Acting Commissioner imagines all of this is not clear.  The ALJ never mentions back, neck, lumbar, lumbago, spine, cervicalgia or anything similar.  Yet the Acting Commissioner is somehow able to conclude that the ALJ subsumed back and neck assessments made by non-examining experts into his own internal thought process.  And the Acting Commissioner is further able to conclude that, based on this secretive assimilation, the ALJ assessed High's neck and back pain as something other than severe.  Quite remarkable.  No sensible reason exists for presuming, as the Acting Commissioner asks this Court to do, that the ALJ engaged in such a thoughtful assessment.[5]

Equally important, to presume so would contravene binding precedent "requiring the ALJ to fulfill a special duty to fully and fairly develop the record as to assure that the claimant's interests are considered, even when the claimant is represented by counsel." *Cook v. Berryhill*, 2018 WL 885515, at *5 (N.D. Cal.

---

[4] For example, the Acting Commissioner argues that "Plaintiff cites her lumbar spine MRI from 2016… but, [the non-examining experts] knew about the MRI, and considered it when determining what Plaintiff could do despite her impairment." *Id.,* at 24.  In this way, according to the Acting Commissioner, by referencing the non-examining experts, the ALJ considered the 2016 lumbar spine MRI.

[5] Of course, the Acting Commissioner *may* be right.  The ALJ may have assessed High's neck and back impairments in the manner suggested.  The Court only concludes that there is no basis to assume so.

11

Feb. 14, 2018)(internal quotations omitted); *see also Celaya v. Halter*, 332 F.3d 1177, 1183 (9th Cir. 2003); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The Court sees no reason to believe that the ALJ, undoubtedly aware of this fundamental requirement, critically evaluated High's lower back and neck pain—and then decided to discard them as non-severe at Step Two—but failed to mention any of this at any point in his 26-page decision.

Even if, as the Acting Commissioner now asserts, High's back and neck conditions were non-severe, such that the omission at Step Two was harmless, the ALJ's disability determination is nonetheless infirm: even a non-severe, medically-determined condition would have needed to be factored into the ALJ's Step Three analysis, including in the analysis of High's RFC. The Court sees no indication that it was. As such, finding error at Step Two suggests that the error carried over to Step Three. *See Richard v. Colvin*, 2015 WL 2085610, at *4 (W.D. Wash. 2015)(the ALJ's failure to address one of the plaintiff's conditions at Step Two "indicates that the ALJ may not have accounted for all of the plaintiff's impairments during subsequent steps of the sequential evaluation process.")

Because the ALJ's decision made no mention of High's neck and back impairments, cervicalgia, lumbar spine disorder or anything similar at any point in his analysis, the Court can only conclude that these impairments were not

considered at all.  The failure to do so was reversible error.  Accordingly, this action is remanded for further proceedings consistent with this order.[6]

## CONCLUSION

As set forth herein, the Acting Commissioner's decision denying High's application for disability insurance benefits is REVERSED.  This case is REMANDED to the Acting Commissioner for further administrative proceedings consistent with this Order.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED:  April 30, 2019 at Honolulu, Hawai'i.

_____
Derrick K. Watson
United States District Judge

---

*High v. Berryhill*, Civil No. 18-00221 DKW-RT;  **ORDER REVERSING DECISION OF ACTING COMMISSIONER OF SOCIAL SECURITY AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

---

[6]The Court's Order does not prescribe any particular outcome in High's disability determination.  Rather, it orders only that the ALJ redress the shortcomings in his analysis identified herein and, based on a more complete evaluation, reach a determination on High's application for benefits.