IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LATOYA S. HIGH,<br><br>    Plaintiff,<br><br>vs.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | CIV. NO. 18-00221 DKW-RT<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR 406(B) FEES |

**FINDINGS AND RECOMMENDATION TO**
**GRANT PETITION FOR 406(B) FEES**

Before the Court is the *Petition for 406(b) Fees* ("Fee Motion"), filed by Danielle Beaver ("Counsel" OR "Ms. Beaver"), Plaintiff Latoya S. High's ("Plaintiff") attorney, on August 22, 2022. ECF No. 35. Counsel requests attorneys' fees in the amount of $27,112.50 pursuant to the Social Security Act, 42 U.S.C. § 406(b). Counsel represents that because she was awarded $7,300.00 in Equal Access to Justice Act Fees ("EAJA"), those fees will offset the $27,112.50 requested. Thus, the total fee to be paid by Plaintiff is $19,812.50.

On August 23, 2022, Defendant filed a *Statement of Non-Opposition to Plaintiff's Motion* ("Non-Opposition"). ECF No. 36. Although Defendant does not object to the total fees requested by Counsel, Defendant points out that (1) it

defers to the court for the determination of reasonableness; (2) Counsel miscalculated her hourly rate; and (3) Counsel misstates that her compensation is understated due to the exclusion of 31 hours spent on administrative proceedings.

The Court elects to decide the *Fee Motion* without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii*. After careful consideration of the *Fee Motion*, *Opposition*, case record and applicable law, the Court **FINDS** and **RECOMMENDS** that the *Fee Motion* be **GRANTED** in the amount of **$19,812.50**.

## BACKGROUND

On July 15, 2016, Plaintiff filed an application for disability benefits under Title II of the Social Security Act. ECF No. 1 at PageID.2. Plaintiff alleged that she became unable to work beginning March 22, 2016. *Id.* Plaintiff's application was denied both initially and on reconsideration. *Id.* at 2-3.

On September 15, 2017, an administrative hearing was held before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision on December 8, 2017. *Id.* at 3; ECF No. 35 at PageID.3977-3978. Plaintiff requested for the Appeals Council to review the ALJ's decision. ECF No. 1 at PageID.3. On April 26, 2018, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner in Plaintiff's case. *Id.*

On June 11, 2018, Plaintiff filed this civil action. ECF No. 1. On September 26, 2018, Plaintiff filed the opening brief (ECF No. 20), and on February 25, 2019, Plaintiff responded (ECF No. 24) to Defendant's brief. Oral argument was held on March 15, 2019. ECF No. 27. On April 30, 2019, the district judge reversed the decision of the Commissioner and remanded the case for further proceedings. ECF No. 28. On November 13, 2019, an administrative hearing was held, and on December 2, 2019, the ALJ issued another unfavorable decision. ECF No. 35 at PageID.3978. Plaintiff appealed the decision to the Appeals Counsel through her attorney, Ms. Beaver. *Id.* The Appeals Council remanded the ALJ's unfavorable decision, and a third administrative hearing was held on August 25, 2021. *Id.* Plaintiff received a favorable decision which granted her 2016 application for benefits. *Id.*

In July 2022, Ms. Beaver received a *Notice of Award* ("Notice"), which stated that Plaintiff was entitled to retroactive benefits in the amount of $108,450.00. *Id*. The *Notice* states that twenty-five percent, or $27,112.50, is being withheld. *Id.* Ms. Beaver also filed for Equal Access to Justice Act ("EAJA") fees and obtained an additional award of $7,300.[1] *Id.* at 3979. Ms. Beaver then filed this *Fee Motion*.

---

[1] Counsel also disclosed that she received an award of $7,300.00 in EAJA fees. Counsel is correct in that an award of EAJA fees pursuant to 42 U.S.C. § 406(b) is

## DISCUSSION

Counsel seeks an award of attorney's fees under 42 U.S.C. § 406(b) in the amount of $27,112.50, which as explained earlier, constitutes twenty-five percent of Plaintiff's award of past-due benefits. Out of this amount, Counsel states that Plaintiff will be reimbursed the $7,300 EAJA award upon receipt of the 406(b) award. ECF No. 35-4 at PageID.4003. Under Section 406(b),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). Although Defendant filed a *Non-Opposition* stating that it does not object to the total fees requested by Counsel, the court is nevertheless required to determine the reasonableness of the requested fee. "[Section] 406(b) calls for court review of such [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v.*

---

subject to reduction by any EAJA fees awarded. Counsel must reimburse Plaintiff in the amount of $7,300.00 upon receipt of any § 406(b) award.

4

*Barnhart*, 535 U.S. 789, 807 (2002). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. The court must evaluate the "character of the representation and the results the representative achieved." *Id.* at 808 (citation omitted). Similarly, if the "benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id*. The court may also reduce fees if, for example, the attorney is responsible for delays such that "the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id*.

## I.  Contingent-Fee Arrangement

Plaintiff entered into a contingency fee, Attorney Fee Agreement ("Agreement") with Ms. Beaver that states:

> I agree that if SSA favorably decides my claim at the Appeals Council level, or at the ALJ hearing level after a decision by the Appeals Council or Federal Court; or if a Federal Court favorably decides my case, I will pay my attorney a fee equal to 25% of all past due benefits in my Social Security and/or SSI disability claims.

ECF No. 35-1. In a declaration attached to the *Fee Motion*, Plaintiff confirms that she entered into the *Agreement* and agreed to the contingency fee. ECF No. 35-3. The *Agreement* appears to be a valid contract and states that the attorney fee shall be 25 percent of all past due benefits, which falls within the requirement under 42

U.S.C. § 406(b)(1)(A). There being a valid agreement in place, the Court now turns to whether the fee requested, $27,112.50, is reasonable.

## II.   Reasonableness of the Fee Award

On August 22, 2022, the Social Security Administration issued a *Notice* stating that Plaintiff is entitled to monthly disability benefits beginning September 2016. ECF No. 35-2. The *Notice* indicates that Plaintiff's past-due benefits are $108,450.00 for the period of September 2016 through March 2022. *Id*. Twenty-five percent of the $108,450.00 award is $27,112.50, which is the amount of fees Counsel requests pursuant to the *Agreement*. *Id.*

### A.   Risk of Loss

Counsel cites a 2012 report by the Social Security Advisory Board stating that only approximately one-third of civil actions on behalf of Social Security disability claimants result in the payment of past due benefits. ECF No. 35 at PageID.3986. Because the *Agreement* only provides for attorneys' fees when Plaintiff is awarded past due benefits, there is a significant risk of loss for Counsel. Although the report cited by Counsel is a decade old, the fact remains that an attorney may only collect fees from a plaintiff that receives benefits and may not collect for services rendered otherwise. *See* 42 U.S.C. § 406(b)(2). Accordingly, the Court finds that Counsel assumed a risk of loss by representing Plaintiff on a contingency basis.

### B.     Character of the Representation and the Results Achieved

Due to the representation, Plaintiff received an award of $108,450.00 for past due benefits, has become entitled to hospital insurance under Medicare and will receive approximately $1,600 per month[2] in disability benefits until she either reaches retirement age or is no longer disabled.  ECF No. 35 at PageID.3982; ECF No. 35-2 at PageID.3993.  Counsel claims she expended a significant number of hours representing Plaintiff.  ECF No. 35 at PageID.3983.  Counsel thoroughly reviewed the administrative record, responded to Plaintiff's numerous phone calls and emails, prepared briefs, appeared at oral argument and prepared Plaintiff for all stages of this case.  *Id.*; ECF No. 35-3.  Based on this information and the favorable results achieved, the Court does not find that there is any basis to reduce the fee requested based on the character of Counsel's representation and the results achieved in this case.

### C.     Any Delays Attributable to Counsel

The Court does not find that there is any evidence of Counsel causing a delay in this case such that Counsel benefited from the accumulation of benefits

---

[2] The *Fee Motion* states that Plaintiff will receive almost $1,750 per month in disability benefits, but this number is different from the *Notice*, which states Plaintiff will receive approximately $1,600 per month in disability benefits until she either reaches retirement age or is no longer disabled.

during the pendency of the case.  *See Gisbrecht*, 535 U.S. at 808.  Accordingly, a reduction to the requested fees due to delay is not warranted here.

### D.     Hours Expended and Hourly Rate

In *Gisbrecht*, the Supreme Court distinguished fees under § 406(b) versus the lodestar method.  *Gisbrecht*, 535 U.S. at 801.  "[T]he 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence."  *Id.* (citation omitted).  However, under 406(b), "fee shift[ing] to the losing party . . . [is] not at issue[.]"  *Id.* at 802.  "Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery" and "does not authorize the prevailing party to recover fees from the losing party."  *Id.*  Thus, *Gisbrecht* provides that:

> [T]he court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 808 (citation omitted).  Counsel has provided this information for the Court's review.  Counsel has indicated that she has expended 41.2 hours[3] on work

---

[3] Counsel claims that 41.2 hours does not represent the total amount of hours she spent on this case.  ECF No. 35 at PageID.3983-84.  Counsel claims that she expended an additional 31 hours on administrative proceedings that were excluded from her fee calculation.  *Id.*; ECF No. 35-4 at PageID.4003.  Defendant argues that "fees under Section 406(b) are for federal court work only, not for such administrative proceedings."  ECF No. 36 at PageID.4005-4006 (citing *Culbertson*

performed to litigate in federal court. ECF No. 35 at PageID.3983; ECF No. 35-4 at PageID.4003. Counsel's non-contingent hourly rate for cases is $450.00 an hour. ECF No. 35 at PageID.3984; ECF No. 35-4 at PageID.4003. When calculated by dividing the 406(b) award ($27,112.50) by the number of hours expended (41.2), the effective hourly rate would be approximately $658.00 per hour.[4] The Court finds that this hourly rate falls within the normal range of hourly rates for similar contingency cases. *See e.g.*, *Kava v. Kijakazi*, Civ. No. 20-00385 JAO-WRP, 2022 WL 15525001, at *3 (D. Haw. Oct. 12, 2022) (effective hourly rate of $737.92 for attorneys' fees considered reasonable in the context of § 406(b)). Further, Ms. Beaver is also highly qualified as she has extensive experience representing claimants in appeals of administrative decisions in federal administrative hearings and federal court, and has been practicing attorney since November 2011. ECF No. 35-4 at PageID.4002. The Court thus finds that based upon the hours expended, hourly rate and counsel's qualifications, there is no basis

---

*v. Berryhill*, 139 S. Ct. 517, 520-21 (2019)). The Court agrees with the Defendant and uses 41.2 hours to calculate the effective hourly rate.

[4] Counsel claims that her hourly rate is $481.00, which she calculates by subtracting $27,112.50 minus the EAJA award of $7,300, and then dividing the difference by 41.2 hours. ECF No. 35 at PageID.3983. Defendant claims that Plaintiff's Counsel's calculation is inaccurate because the EAJA award should not be subtracted before dividing the total award of past-due benefits by the number of hours. ECF No. 36 at PageID.4005. However, Defendant states that it does not object to Counsel's fee request even with the corrected, higher hourly rate of $658.00 per hour. *Id.* The Court finds that the effective hourly rate should be $658.00 as calculated by the Defendant.

for any reduction in fees.  Accordingly, the Court finds that Counsel's fee request is reasonable.

## CONCLUSION

Based on the foregoing, the Court **FINDS** that the fees in the amount of $27,112.50 is reasonable and **RECOMMENDS** that the district court **GRANT** the *Fee Motion*.  The Court **RECOMMENDS** that the district court (1) award Counsel $27,112.50 to be paid out of the sums withheld by the SSA, and (2) order Counsel to reimburse Plaintiff $7,300 for the EAJA fee previously awarded.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, January 26, 2023.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 18-00221 DKW-RT; *Latoya S. High vs. Nancy A. Berryhill, Acting Commissioner of Social Security*;  Findings and Recommendation to Grant Petition for 406(B) Fees

10